IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY B. ALLEN,

     Plaintiff,                      No.  2:10-cv-3032 GEB JFM (PC)

  vs.

WARDEN JAMES WALKER, et al.,

     Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Several matters are pending before the court.

        On October 15, 2012, plaintiff filed motions for a court-ordered psychiatric examination, for appointment of counsel, and for a forty-five day extension of time to file an opposition to defendants' September 14, 2012 motion for summary judgment.  On October 31, 2012, plaintiff filed an opposition to defendants' motion for summary judgment.  Good cause appearing, plaintiff's motion for extension of time will be granted and plaintiff's opposition deemed timely filed.

        In his motion for psychiatric examination, plaintiff asserts that he is receiving psychiatric treatment and psychotropic medication at Salinas Valley State Prison, that he is a member of the mental health program at the correctional clinical case management system

(CCCMS) level, and that he is not competent to proceed without appointment of counsel. Motion for Psychiatrist Examination, filed October 15, 2012, at 1. Plaintiff has filed no evidence in support of his assertion that his mental health status renders him incompetent to proceed with this action. For that reason, plaintiff's motion for a psychiatric examination will be denied.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's motions for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's October 15, 2012 motion for psychiatric examination (Doc. No. 45) is denied;

2. Plaintiff's October 15, 2012 motion for extension of time (Doc. No. 47) is denied;

3. Plaintiff's October 31, 2012 opposition to defendants' September 14, 2012 motion for summary judgment is deemed timely filed; and

4. Plaintiff's October 15, 2012 and October 31, 2012 motions for the appointment of counsel (Doc. Nos. 46 and 49) are denied.

DATED: November 14, 2012.

UNITED STATES MAGISTRATE JUDGE

12/mp
alle3032.31

2