IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY B. ALLEN,

     Plaintiff,                       No. 2:10-cv-3032 GEB JFM P

     vs.

WARDEN JAMES WALKER, et al.,

     Defendants.                FINDINGS & RECOMMENDATIONS

         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated his rights under the Eighth Amendment by keeping him shackled for two and a half hours in a van in 103 degree heat following a medical appointment at University of California Davis Medical Center (UC Davis). This matter is before the court on defendants' motion for summary judgment.

         SUMMARY JUDGMENT STANDARDS UNDER RULE 56

         Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

         Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Securities Litigation,

1

1  627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).
2  The moving party may accomplish this by "citing to particular parts of materials in the record,
3  including depositions, documents, electronically store information, affidavits or declarations,
4  stipulations (including those made for purposes of the motion only), admission, interrogatory
5  answers, or other materials" or by showing that such materials "do not establish the absence or
6  presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to
7  support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).  When the non-moving party bears the burden
8  of proof at trial, "the moving party need only prove that there is an absence of evidence to
9  support the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at
10 325.); see also Fed. R. Civ. P. 56(c)(1)(B).  Indeed, summary judgment should be entered, after
11 adequate time for discovery and upon motion, against a party who fails to make a showing
12 sufficient to establish the existence of an element essential to that party's case, and on which that
13 party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322.  "[A] complete failure
14 of proof concerning an essential element of the nonmoving party's case necessarily renders all
15 other facts immaterial." Id.  In such a circumstance, summary judgment should be granted, "so
16 long as whatever is before the district court demonstrates that the standard for entry of summary
17 judgment, . . ., is satisfied." Id. at 323.
18          If the moving party meets its initial responsibility, the burden then shifts to the
19 opposing party to establish that a genuine issue as to any material fact actually does exist. See
20 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to
21 establish the existence of this factual dispute, the opposing party may not rely upon the
22 allegations or denials of its pleadings but is required to tender evidence of specific facts in the
23 form of affidavits, and/or admissible discovery material, in support of its contention that the
24 dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11.  The opposing
25 party must demonstrate that the fact in contention is material, i.e., a fact that might affect the
26 outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

1    248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
2    1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
3    return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
4    1436 (9th Cir. 1987).
5             In the endeavor to establish the existence of a factual dispute, the opposing party
6    need not establish a material issue of fact conclusively in its favor. It is sufficient that "the
7    claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
8    versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary
9    judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
10   genuine need for trial.'" Matsushita, 475 U.S. at 587 (citations omitted).
11            "In evaluating the evidence to determine whether there is a genuine issue of fact,"
12   the court draws "all reasonable inferences supported by the evidence in favor of the non-moving
13   party." Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011). It is
14   the opposing party's obligation to produce a factual predicate from which the inference may be
15   drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),
16   aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing
17   party "must do more than simply show that there is some metaphysical doubt as to the material
18   facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the
19   nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation
20   omitted).
21            On August 3, 2012, the court advised plaintiff of the requirements for opposing a
22   motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Woods v. Carey, 684
23   F.3d 934 (9th Cir. 2012); see also Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),
24   cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).
25   /////
26   /////

ANALYSIS

I. Facts[1]

At all times relevant to this action plaintiff was a state prisoner confined at California State Prison-Sacramento (CSP-Sacramento) and defendants were employed by the California Department of Corrections and Rehabilitation (CDCR) working at CSP-Sacramento. On August 14, 2008, plaintiff and three other inmates were transported in a van from CSP-Sacramento to U.C. Davis for medical appointments. (Compl. filed Nov. 10, 2010 (ECF No. 1) at 3.)[2] Defendants Ormonde, Smith, Yepez, and Moreau were the transportation officers. (Defs.' Ex. B (ECF No. 41-2) at 6.)

At U.C. Davis plaintiff was seen in an orthopedic clinic for a pre-operative appointment. (Defs.' Ex. D, Dep. of Troy Allen (ECF No. 41-2) at 26:11-13.) After the appointment, plaintiff went to the lab with one other inmate and defendants Yepez and Ormonde. (Id. at 28:24-29:21.) Defendants Yepez and Ormonde stayed with plaintiff during the entire time. (Id. at 29:18-30:1.) After they finished at the lab, plaintiff and one other inmate were escorted back to the van and placed inside. (Id. at 30:2-10.) Once at the van, defendant Ormonde turned on the ignition and started the air conditioning unit. (Defs.' Ex. C, Decl. of T. Ormonde (ECF No. 41-2) at ¶ 9.) At that time there were no shaded parking spots but when one opened up defendant Ormonde moved the car in the shade. (Id. at ¶ 10.)

Plaintiff remained in the van in shackles for approximately two and a half hours, from 10:40 a.m. to 1:05 p.m., before he was transported back to CSP-Sacramento. (Compl. (ECF No. 1) at 3; Defs.' Ex. H (ECF No. 41-2) at 38.) During the period plaintiff was in the van, the outside air temperature rose to ninety-three degrees at 12:53 p.m. (Defs.' Ex. G (ECF No.

---

[1] Except as expressly noted, the following facts are undisputed.

[2] Plaintiff's verified complaint is signed under penalty of perjury and may therefore be treated as an affidavit in opposition to summary judgment to the extent the averments contained therein are based on plaintiff's personal knowledge and otherwise admissible. See Schroeder v. MacDonald, 55 F.3d 454, 460 (9th Cir. 1995).

4

41-2) at 35.) Defendants present evidence that the van ignition and air conditioning unit were turned on, see supra, and that defendants Ormonde and Yepez also waited in the van the entire time that plaintiff waited. (Decl. of Ormonde (ECF No. 41-2) at ¶ 11.) Plaintiff avers that he was kept in the van without water or air conditioning, (Compl. (ECF No. 1) at 3), and he contends that whatever air conditioning may have been turned on did not reach the back of the van. (See Pl.'s Statement of Disputed Facts filed Oct. 31, 2013 (ECF No. 48) at 11.)

Following his return to CSP-Sacramento, plaintiff was seen in the medical clinic at the prison at 2:10 p.m. (Defs.' Ex. H (ECF No. 41-2) at 38.) Plaintiff's wrists were found to be swollen at that time. (Id.)

II. Defendants' Motion

Defendants seek summary judgment in their favor on several grounds. First, they contend none of them were deliberately indifferent to plaintiff's health or safety and that any injuries he suffered were *de minimis*. Defendants also contend that there are no allegations or evidence that defendants Smith or Moreau were personally involved in the events complained of; that plaintiff's claims against defendants Kirshner, Walker and Lizarraga must fail because they are based solely on a theory of respondeat superior; that defendant Lizaragga cannot be liable based on his response to plaintiff's inmate grievance regarding this incident; and, finally, that all defendants are entitled to qualified immunity.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover,

> [l]iability under section 1983 arises only upon a showing of personal participation by the defendant. Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir.1979). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983. Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir.1984).

Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may also be liable "'even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987)).

Plaintiff claims that his Eighth Amendment rights were violated when he was kept in a hot van for two and a half hours. However, there is no evidence before the court on summary judgment that any defendants other than defendants Ormonde and Yepez had any cognizable role in the decision to keep plaintiff in the van. It is undisputed that defendants Smith and Moreau were inside assisting with other inmates while plaintiff was waiting in the van after his medical appointment. Plaintiff points only to the deposition testimony by another inmate, Glynn Ward, who testified that, in response to a question about whether the inmates could go back inside the hospital, defendant Ormonde told Ward that defendant Kirshner had said the inmates were required to wait in the van. (See Defs.' Ex. F, Dep. Excerpts of Glynn Ward (ECF No. 41-2) at 52:22-53:3.) That evidence, without more, is insufficient to attribute to defendant Kirshner knowledge of the hot conditions in the van that form the gravamen of plaintiff's claim.

/////

Plaintiff argues that defendant Walker is nonetheless implicated in his Eighth Amendment claim because of the policy at CSP-Sacramento to transport inmates to outside facilities for some kinds of medical care. (See Pl.'s Opp'n filed Oct. 31, 2012 (ECF No. 48) at 7.) Plaintiff contends that this policy was the "moving force" behind the alleged violation of his Eighth Amendment rights. (Id.) He cites to the declaration of defendant Ormonde to support this contention. (Id.) The precise nature of plaintiff's argument in this regard is unclear. Plaintiff has presented no evidence on summary judgment that the policy authorizing outside medical care for inmates was itself constitutionally deficient. To the extent that plaintiff is contending that he would not have been transported to UC Davis but for the policy permitting outside medical care for inmates, such a connection is too attenuated to support imposition of liability on defendant Walker under the circumstances of this case.

Defendants Lizarraga and Walker were involved in reviewing the staff complaint plaintiff submitted to prison officials after the events at bar. (See Compl. (ECF No. 1) at 16-19.) Both determined that corrections staff did not violate policy in connection with this incident. (See id.) Defendants[3] seek summary judgment on this aspect of plaintiff's claim contending that plaintiff cannot state a cognizable claim for violation of his constitutional rights based on the processing of an inmate grievance. The court finds that argument to be persuasive.

Prisoners have no "constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Where, as here, plaintiff's inmate grievance does not implicate an ongoing constitutional violation, but rather is focused on completed events that occurred in the past, prison officials involved in resolving the inmate grievance have no causal connection to the underlying alleged violation. See Herrera v. Hall, No. 1:08-cv-1882-LJO-SKO PC, 2010

---

[3] Defendants focus this part of their motion on defendant Lizarraga; documents appended to the complaint show that defendant Walker also reviewed plaintiff's grievance and reached the same determination.

WL 2791586, at *4 (E.D.Cal. July 14, 2010). For this additional reason, defendants Lizarraga and Walker are entitled to summary judgment.

It is undisputed that defendants Ormonde and Yepez were directly involved in the decision to keep plaintiff in the van. These two defendants seek summary judgment on the grounds that the conditions in the van "did not constitute and extreme deprivation of life's necessities" and plaintiff "suffered no serious injury as a result of waiting in the van." (Defs.' Mem. of P. & A. in Supp. of Mot. for Summ. J. filed Sept. 14, 2012 (ECF No. 41) at 10.)

Plaintiff's Eighth Amendment claim is based on allegations of deliberate indifference to his health and safety.

> To establish an Eighth Amendment violation, a prisoner "must satisfy both the objective and subjective components of a two-part test." Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir.2002) (citation omitted). First, there must be a demonstration that the prison official deprived the prisoner of the "minimal civilized measure of life's necessities." Id. (citation omitted). [Footnote omitted.] Second, a prisoner must demonstrate that the prison official "acted with deliberate indifference in doing so." Id. (citation and internal quotation marks omitted).
>
> A prison official acts with "deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir.2002) (citation and internal quotation marks omitted). Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." Gibson, 290 F.3d at 1188 (citation omitted). [Footnote omitted.] This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Farmer, 511 U.S. at 839, 114 S. Ct. 1970. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." McGuckin, 974 F.2d at 1059 (alteration and citation omitted).

Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

/////

In order to survive summary judgment and proceed to trial on his Eighth Amendment claim, plaintiff must present evidence, sufficient to create a triable issue of material fact, that defendants knew of and disregarded an excessive risk to plaintiff's health and safety during the period he was waiting in the van. Plaintiff has not met this burden. It is undisputed that plaintiff was held in the van for approximately two and a half hours, and that during that time the outside temperature rose to ninety-three degrees. While plaintiff asserts that the temperature inside the van rose to 103 degrees, he has presented no evidence to support this assertion. It is also undisputed that defendants Ormonde and Yepez moved the van to a shaded parking spot when one became available.[4] The evidence before the court establishes that the two defendants remained in the van with plaintiff during the entire period of time in question. Finally, it is also undisputed that the only injury plaintiff suffered was swollen wrists.[5]

Under these circumstances and in light of the evidence presented on summary judgment, the court finds that there is no evidence which even suggests that defendants Ormonde and Yepez knew of and disregarded an excessive risk to plaintiff's health sufficient to require a trial of this claim. Defendants Ormonde and Yepez are therefore entitled to summary judgment in their favor with respect to plaintiff's Eighth Amendment claim.[6]

CONCLUSION

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that defendants' September 14, 2012 motion for summary judgment (ECF No. 41) be granted.

---

[4] According to plaintiff, this occurred an hour after the inmates were placed in the van. (See Pl.'s Opp'n and Statement of Disputed Facts (ECF No. 48) at 12.)

[5] In his opposition, plaintiff asserts that he suffered "swelling and pain to ankles, wrist and shoulders," (Opp'n (ECF No. 48) at 2), but the only evidence of injury in the record on summary judgment is the medical report which reflects only plaintiff's swollen wrists.

[6] As noted above, defendants also contend they are entitled to qualified immunity. For the reasons set forth in these findings and recommendations, there is no triable issue of material fact as to whether any defendant violated plaintiff's constitutional rights. Accordingly, "there is no necessity for further inquiries concerning qualified immunity." Saucier v. Katz, 533 U.S. 194, 201 (2001).

1  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 16, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

12;alle3032.msj